R. L. CARPENTER et al., Plaintiffs,

v.

**HERSCHEDE HALL CLOCK DIVISION, ARNOLD INDUSTRIES, Defendants.**

No. EC 76–180–S.

United States District Court,
N. D. Mississippi, E. D.

Oct. 13, 1977.

Solomon C. Osborne, North Mississippi Rural Legal Services, Greenwood, Miss., for plaintiffs.

Walter W. Christy, Kullman, Lang, Inman & Bee, P. C., New Orleans, La., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

In this action the court entered an order June 24, 1977, by which the court determined that the suit might be maintained by plaintiff on behalf of a class of individuals who in the past might have been or who, in the future, may be subjected to racially discriminatory employment practices of defendant at its plants in Starkville, Mississippi. The court expressly reserved the right to alter or amend the class certification at any time before final decision.

Defendant operates two plants at Starkville. At the time of his discharge plaintiff was employed at Plant No. 1. During his period of employment he was never employed at, or assigned to, Plant No. 2. The affidavit of the personnel manager at Plant No. 1 reflects that the plants are located on separate and distinct sites, approximately one-half mile apart; that each plant maintains separate parking lots, eating facilities, employee lounges, and recreation and restroom facilities; that the operations performed at each plant are different in that at Plant No. 1, only mechanical and metal work are carried out, while at Plant No. 2 woodwork is the only type of work performed; that job classifications and categories at each plant are entirely different; that each plant has its own distinct crafts and skills and the internal practices at each are distinct and different; that the time of making the payroll for each plant is different from the other; that each plant has its own personnel manager who is responsible for all personnel policies and functions at his particular plant; and, last, but most importantly, that the hiring at each plant is handled separately from the other, there is

no central hiring office for both plants and no regular practice at either plant of hiring an individual at one plant and then transferring such individual to the other. There is no substantial evidence in the record to contradict these facts. The affidavits submitted by plaintiff contain conclusions and do not state facts which are sufficient to place these facts in issue.

The defendant did not refuse to hire plaintiff and he was not subjected to discrimination in any form in the hiring process. His grievance, as stated in the complaint, is, after working for defendant for 3 years, he was discharged solely because he is a black person, in violation of 42 U.S.C. § 1981 and 1964 Civil Rights Act. Though his grievance is limited to this sole complaint, plaintiff seeks to launch an across-the-board attack of racial discrimination in employment practices against defendant in the operation of both plants.

Defendant has asked the court to restrict the class determination to the department of the plant where plaintiff was employed. Defendant relies upon the May 31, 1977, decision of the Supreme Court in *East Texas Motor Freight v. Rodriguez,* 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453. In *Rodriguez,* as here, plaintiffs had been hired by defendant and because they did not complain of any discriminatory hiring practices, the court held that they could not represent a class of persons seeking employment with defendant. Plaintiffs complained only of the "no-transfer" job policy and seniority system maintained by defendant. They contended that these practices impeded minority access to preferred positions and resulted in racial and ethnic discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) and 42 U.S.C. § 1981.

In pertinent part the court held:

In short, the trial court proceedings made clear that Rodriguez, Perez, and Herrera were not members of the class of discriminatees they purported to represent. As this Court has repeatedly held, a class representative must be part of the class and "possess the same interest and suffer the same injury" as the class members. [Citations omitted]. The District Court found upon abundant evidence that these plaintiffs lacked the qualifications to be hired as line drivers. Thus, they could have suffered no injury as a result of the alleged discriminatory practices, and they were, therefore, simply not eligible to represent a class of persons who did allegedly suffer injury. Furthermore, each named plaintiff stipulated that he had not been discriminated against with respect to his initial hire. In the light of that stipulation they were hardly in a position to mount a classwide attack on the no-transfer rule and seniority system on the ground that these practices perpetuated past discrimination and locked minorities into the less desirable jobs to which they had been discriminatorily assigned.

.        .        .        .        .

We are not unaware that suits alleging racial or ethnic discrimination are often by their very nature class suits, involving classwide wrongs. Common questions of law or fact are typically present. But careful attention to the requirements of Fed.Rule Civ.Proc. 23 remains nonetheless indispensable. The mere fact that a complaint alleges racial or ethnic discrimination does not in itself ensure that the party who has brought the lawsuit will be an adequate representative of those who may have been the real victims of that discrimination.

431 U.S. 403, 97 S.Ct. 1896, 52 L.Ed.2d 462, 463.

The plaintiff here was not discriminated against with respect to the original hiring and his sole basis for the support of the charge of racial discrimination is that he was discharged because of his race. The court has concluded that plaintiff's class must be restricted to employees of defendant's Number 1 Plant and should be limited and recertified as follows:

All present and future black employees at defendant's Number One Starkville, Mississippi, Plant, in the production and maintenance department; and all black

employees, in said plant and department, who have been employed for any period since September 16, 1973.

In view of the class restriction which the court feels should be imposed in this case, all future discovery must be limited to facts discoverable in relation to the certified class.

An appropriate order will be entered by the court.